CHRISTOPHER J. CHRISTIE
United States Attorney
MICHAEL A. CHAGARES
Assistant United States Attorney
Chief, Civil Division
970 Broad Street, Suite 700
Newark, New Jersey 07102
(973) 645-2839
MC-5483

RECEIVED-CLERK
U.S. DISTRICT COURT

2004 JAN 23 A 9: 15

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ELAINE L. CHAO, Secretary of Labor,  )    Hon.
United States Department of Labor,   )
200 Constitution Avenue, N.W.        )    Civil Action No. 04- 305 (MCC)
Washington, D.C. 20210,              )
                                     )
        Plaintiff,                   )
                                     )
            v                        )
                                     )
LOCAL 381, NEW JERSEY MID-STATE AREA, )
AMERICAN POSTAL WORKERS              )
UNION, AFL-CIO,                      )
475 Watchung Avenue                  )
Watchung, New Jersey 07069,          )
                                     )
        Defendant.                   )
                                     )

**RECEIVED**

JAN 23 2004

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## COMPLAINT

Plaintiff Elaine L. Chao, Secretary of Labor, alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, as amended (Act of September 14, 1959, 73 Stat. 519, et seq., 29 U.S.C. §§ 481-483, hereinafter referred to as the "Act"), as applied to the defendant by the Postal Reorganization Act (39 U.S.C. § 1209(b)).

2

## JURISDICTION AND VENUE

2.    The Court has jurisdiction over this action (28 U.S.C. § 1331, 28 U.S.C. § 1345, and 29 U.S.C. § 482(b)).

3.  Venue lies in this district (28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b)).

## PARTIES

4.  Plaintiff, Elaine L. Chao, is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action under section 402 of Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 482(b)).

5.  Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office at 475 Watchung Avenue, City of Watchung, County of Somerset, State of New Jersey, within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

6.  Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

7.  Defendant is, and at all times relevant to this action has been, chartered by and subordinate to the American Postal Workers Union, AFL-CIO, hereinafter referred to as the National, a national labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and 3(j) of the Act  (29 U.S.C. §§ 402(i) and 402(j)).

8.  Defendant, purporting to act pursuant to its Bylaws and the National's Constitution, conducted an election of officers on December 5, 2002, which election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-483).

3

9. By letter dated December 9, 2002, to the Local Election Committee, the complainant, Dan Mulligan, a member in good standing of defendant, protested the defendant's December 5, 2002, election.

10. By letter dated January 21, 2003, to the complainant, the Election Committee denied the protest.

11. By letter dated January 27, 2003, the complainant appealed the decision of the Election Committee to National Election Appeals Committee.

12. By letter dated May 28, 2003, the National Election Appeals Committee denied the appeal.

13. The complainant filed a timely complaint with the Secretary of Labor on June 25, 2003, in accordance with the provisions of section 402(a)(1) of the Act (29 U.S.C. § 482(a)(1)).

14. By letter dated August 18, 2003, the defendant agreed that the time within which the plaintiff may bring suit with respect to the defendant's aforesaid election be extended to September 24, 2003. By letter dated September 10, 2003, the defendant agreed that the time within which the plaintiff may bring suit with respect to the defendant's aforesaid election be extended from September 24, 2003 to October 8, 2003. By letter dated September 23, 2003, the defendant agreed that the time within which the plaintiff may bring suit with respect to the defendant's aforesaid election be extended from October 8, 2003 to October 17, 2003. By letter dated October 8, 2003, the defendant agreed that the time within which the plaintiff may bring suit with respect to the defendant's aforesaid election be extended from October 17, 2003 to October 31, 2003. By letter dated October 21, 2003, the defendant agreed that the time within which the plaintiff may bring suit with respect to the defendant's aforesaid election be extended from October 31, 2003 to November

4

21, 2003. By letter dated November 7, 2003, the defendant agreed that the time within which the plaintiff may bring suit with respect to the defendant's aforesaid election be extended from November 21, 2003 to December 5, 2003. By letter dated November 20, 2003, the defendant agreed that the time within which the plaintiff may bring suit with respect to the defendant's aforesaid election be extended from December 5, 2003 to December 19, 2003. By letter dated December 16, 2003, the defendant agreed that the time within which the plaintiff may bring suit with respect to the defendant's aforesaid election be extended from December 19, 2003 to January 9, 2004. By letter dated December 23, 2003, the defendant agreed that the time within which the plaintiff may bring suit with respect to the defendant's aforesaid election be extended from January 9, 2004 to January 23, 2004.

15. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that violations of Title IV of the Act (29 U.S.C. §§ 481-483) had occurred in the conduct of the defendant's December 5, 2002, election and had not been remedied at the time of the institution of this action.

16. Defendant violated section 401(c) of the Act (29 U.S.C. § 481(c)) during the conduct of the aforesaid election by failing to comply with the reasonable request of the candidates to distribute campaign literature in a timely manner when the election edition of the union's newspaper was published and distributed on or about the day of the ballot tally.

17. Defendant violated section 401(e) of the Act (29 U.S.C. § 481(e)) during the conduct of the aforesaid election by:

5

(a) failing to mail an election notice to at least 46 members at their last known home address not less than fifteen days prior to the election; and

(b) failing to mail a ballot to at least 46 members.

18. The violations of sections 401(c) and 401(e) of the Act (29 U.S.C. §§ 481(c) and 481(e)), found and alleged above, may have affected the outcome of the defendant's December 5, 2002, election for the following offices:

President
Vice-President
Secretary-Treasurer
Director of Organization
Director of Industrial Relations
Director of Research and Education
Director of Benefits and Health Plans
Director of Clerk Craft
Trustee (all 5 positions)
Chief Steward (19 of 22 positions). These positions are at the following post office locations: Berkeley Heights, Cranford, Denville, East Hanover, Eatontown, Hazlet, Hightstown, Keyport, Madison, Matawan, Millburn, New Providence, Phillipsburg, Piscataway, Plainfield, Raritan, Rumson, Short Hills and Woodbridge.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment:

(a) declaring defendant's election for the above referenced contested offices to be null and void;

(b) directing defendant to conduct a new election for the above referenced contested offices, under the supervision of the plaintiff;

(c) for the costs of this action; and

6

(d)  for such other relief as may be appropriate.

Respectfully submitted,

HOWARD M. RADZELY
Solicitor of Labor

PETER D. KEISLER
Assistant Attorney General

CAROL A. DE DEO
Associate Solicitor
 for Labor-Management Laws

CHRISTOPHER J. CHRISTIE
United States Attorney

PATRICIA RODENHAUSEN
Regional Solicitor

By:_____
MICHAEL A. CHAGARES
Assistant U.S. Attorney
Chief, Civil Division

ANDREW D. AUERBACH
Counsel for Labor-Management
Programs

Dated: January 22, 2004

BRENDA J. STOVALL
Attorney

U.S. Department of Labor
Of Counsel