UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------------------

ELAINE L. CHAO, SECRETARY OF LABOR,                   :
UNITED STATES DEPARTMENT OF LABOR,                    :

                   Plaintiff,                  :
                          :    Civil Action

       v.                                        :
                          :    No. 04-CV-305 (MLC)

LOCAL 381, NEW JERSEY MID-STATE AREA
AMERICAN POSTAL WORKERS UNION, AFL-CIO,   :

                          :

               Defendant.                  :

---------------------------------------------------------------------------

## <u>CERTIFICATION OF ELECTION</u>

The election having been conducted in the above matter under the supervision of the

Secretary of Labor, United States Department of Labor, pursuant to an Amended Consent

Judgment Order issued March 28, 2005, in the United States District Court for the District of

New Jersey, in accordance with the provisions of Title IV of the Labor-Management Reporting

and Disclosure Act of 1959 (29 U.S.C. § 481 <u>et</u> <u>seq.</u>) and in conformity with the Constitution and

Bylaws of the defendant labor organization, insofar as lawful and practicable, and no complaints

having been received concerning the conduct thereof, therefore:

Pursuant to Section 402(c) of the Labor-Management Reporting and Disclosure Act of

1959 (29 U.S.C. § 482(c)), and the authority delegated to me,

**IT IS HEREBY CERTIFIED** that the following named candidates are duly elected to

the office designated:

| | |
|---|---|
| Dan Mulligan | President |
| Carrie Sprich | Vice President |
| Joseph Scozzafava | Secretary/Treasurer |
| David George | Chief Steward - Denville |
| Nick Patel | Chief Steward - Hightstown |
| Robert Zamanski[1] | Chief Steward – Berkeley Heights |
| Julio Sardone[1] | Chief Steward – Cranford |
| Neil Simonelli[1] | Chief Steward – East Hanover |
| John Scianna[1] | Chief Steward – Eatontown |
| Alfonse Manochio[1] | Chief Steward – Hazlet |
| Ellen Pangborn[1] | Chief Steward – Keyport |
| Albert Della Sala[1] | Chief Steward – Madison |
| Rich Sewell[1] | Chief Steward – Matawan |
| None[2] | Chief Steward – New Providence |
| Vito Celia[1] | Chief Steward – Phillipsburg |
| Mike Szcezepaniak[1] | Chief Steward - Piscataway |
| Mary Ann Pringle | Chief Steward – Plainfield |
| None[2] | Chief Steward – Raritan |
| Eric Johnson[1] | Chief Steward – Rumson |
| Brette Dawson[1] | Chief Steward – Short Hills |
| Susan Deal[1] | Chief Steward - Woodbridge |
| Sharon Sorensen[1] | Director of Organization |
| Ed Sprich[1] | Director of Industrial Relations |
| Sharon Holmes[1] | Director of Research and Education |
| Lorraine Hall[1] | Director of Benefits and Health Plans |
| Kathy LaMere[1] | Director of Clerk |
| Linda Smith[1] | Trustee |
| Diane Valenti[1] | Trustee |
| Jay Einhorn[1] | Trustee |
| Doris Fusco[1] | Trustee |
| John Scianna[1] | Trustee |

---

[1] Race uncontested nominee won by acclamation
[2] There were no nominees for this position

Attached herewith is a Declaration setting forth the protest concerning allegations that violations allegedly occurred in the conduct of the election and the findings of any investigation of the protest.

Signed this _____ day of _____ , 2005.


Patricia M. Fox, Acting Chief
Division of Enforcement
Office of Labor-Management Standards
Employment Standards Administration
United States Department of Labor

DECLARATION OF PATRICIA FOX

I, Patricia Fox, am the Acting Chief, Division of Enforcement, Office of Labor-Management Standards, Employment Standards Administration, United States Department of Labor ("Department"). Pursuant to an Order dated March 28, 2005, in the United States District Court for the District of New Jersey, the Department supervised the Local 381, Mid-State New Jersey, American Postal Workers Union election for the offices of President, Vice-President, Secretary-Treasurer, Director of Organization, Director of Industrial Relations, Director of Research and Education, Director of Benefits and Health Plans, Director of Clerk Craft, Trustee (5 positions), and Chief Steward (19 positions) at the following post office locations: Berkeley Heights, Cranford, Denville, East Hanover, Eatontown, Hazlet, Hightstown, Keyport, Madison, Matawan, Millburn, New Providence, Phillipsburg, Piscataway, Plainfield, Raritan, Rumson, Short Hills, and Woodbridge. The supervised mail ballot election was concluded on July 8, 2005, and on that day a protest was filed by Henry "Hank" Rauer, former local President and unsuccessful candidate for the office of President. No other election protests were filed with the Election Supervisor. Each of the complainant's allegations is set forth below with an explanation for its dismissal.

The complainant alleged that the union's constitution and by-laws gave the Election Committee the authority to conduct the election re-run and not the Department of Labor. He also alleged that the Department of Labor Election Supervisor (Election Supervisor) took control of the election by taking custody of

election records and taking responsibility for all duplicate ballot requests. He further asserted that the Election Supervisor unilaterally changed the date of the tally; that the Election Supervisor met only once or twice; that the Election Committee did not design the ballot; that the Election Supervisor picked up the undeliverable ballots without the presence of any Election Committee members; and that the Election Supervisor performed election work at the union's office without the presence of the Election Committee or their consent. By these allegations, the complainant essentially challenges the authority of the Election Supervisor. The election was conducted under the supervision of the Secretary of Labor pursuant to a stipulated settlement between the union and the Secretary of Labor. Pursuant to the terms of the agreement, the election was conducted in accordance with the LMRDA, and, insofar as lawful and practicable, in accordance with the constitution and bylaws of the union. The agreement further provided that all decisions as to the interpretations or application of Title IV of the LMRDA and the provisions of the union's constitution and bylaws that relate to the supervised election were to be determined by the Secretary of Labor, and her decisions were final. The investigation also revealed that all candidates, including the complainant, were mailed a copy of the Election Rules that clearly informed the candidates that all phases of the nominations and election of officers would be subject to Department of Labor supervision and not the union's Election Committee. Moreover, the investigation established that the Election Supervisor informed the complainant that the Department had jurisdiction over

2

the supervised election. The Election Supervisor explained to the complainant that as the supervisor assigned to conduct the election, he was primarily responsible for assuring that the election complied with the requirements of the LMRDA and, insofar as lawful and practicable, with the union's constitution and bylaws. There was no evidence of any action taken by the Election Supervisor that violated the LMRDA. There was no violation of the LMRDA.

The complainant alleged that the Election Committee did not have the opportunity to review the eligibility list or the ballot mailing list. The investigation did not substantiate this allegation. The investigation revealed that the Election Committee had possession of both the eligibility and ballot mailing lists. The Election Supervisor directed the Election Committee to review both lists to determine if there were any inaccuracies or eligibility issues. The Election Committee reported neither inaccuracies nor eligibility issues to the Election Supervisor. There was no violation of the LMRDA.

The complainant alleged that he did not receive the results of the election. The investigation confirmed that the Election Supervisor informed the complainant of the tally results on the day of the ballot tally. There was no violation of the LMRDA.

The complainant alleged that the election re-run required a notice of election to be sent to the members separate and apart from the mail ballot package. Under Section 401(e) of the LMRDA, an election notice must be mailed to each member not less than 15 days prior to the election. *See* 29 U.S.C. § 481(e):

3

29 C.F.R. § 452.99.  In a mail ballot election, such as the one supervised by the Secretary, the notice may be combined with the ballots.  *See* 29 C.F.R. § 452.102. The investigation established that the notice of election was combined with the ballot and mailed to eligible voters on June 9, 2005, more than 15 days before the election, as required by the LMRDA.  There was no violation of the LMRDA.

The complainant alleged that members who requested duplicate ballots were not mailed duplicate ballots.  The investigation revealed that the complainant provided the Election Supervisor with a list of members who requested duplicate ballots, but did not receive them.  The investigation confirmed that the Election Supervisor reviewed complainant's list and compared it with the list of members who were mailed ballots and found that all members on the complainant's list had been mailed duplicate ballots.  Also, the investigation found that the Election Supervisor informed the complainant of his findings.  There was no violation of the LMRDA.

The complainant alleged that Dan Mulligan, successful candidate for the office of President, told Mary Ann Thomas, a member in good standing, that she was not eligible to vote.  The investigation established that Thomas received a ballot for the supervised election but did not cast her ballot because she was in non-pay status and did not know that she was eligible to vote.  Thomas disputes complainant's assertion that Mulligan or anyone else told her that she was ineligible to vote.  There was no violation of the LMRDA.

4

The complainant alleged that members from the Princeton Remote Coding Center (RCC) might have cast ballots that should not have been counted. The investigation established that 84 Local 381 members assigned to the RCC facility were transferred between March 5, 2005 and June 30, 2005, due to the closure of the RCC. Of this number, 13 members were transferred to other postal facilities within Local 381's jurisdiction and were eligible to vote in the rerun election. However, a comparison of the RCC members' list with the voter list disclosed that 17 former RCC members received ballots and four of these members voted. Of the four members who voted, three were eligible to vote, but the fourth member was ineligible to vote because he was transferred to another postal facility that is not within Local 381's jurisdiction. Section 401(e) of the LMRDA states that every member in good standing shall have the right to vote for or otherwise support the candidate of his choice. *See also* 29 C. F. R. § 452 84. Inasmuch as the union permitted an ineligible member to vote in the general officers' election and the Chief Steward's election at the Plainfield, New Jersey postal facility, it violated section 401(e) of the LMRDA. This violation could not have affected the outcome of the election for any general office or the Chief Steward's race at Plainfield. The closest margin of victory for any general office was 11 votes for the office of President and the margin of victory for the Chief Steward's race at Plainfield was 12 votes.

The investigation also disclosed that three other former RCC members who remained in Local 381's jurisdiction did not receive notice of the election in

5

violation of section 401(e) of the LMRDA. *See* 29 U.S.C. § 481(e). This violation did not affect the outcome of the general offices, as the smallest margin of victory was 11 votes. However, two of the three members were eligible to participate in the Chief Steward's race at the Hightstown, New Jersey postal facility and did not. This race was decided by only one vote. Thus, the violation of the LMRDA may have affected the outcome of the election for this particular race. The Department's investigation revealed, however, that there is no reason for the Department to refuse to certify the winner of this race or to seek to hold a new supervised election for Chief Steward of Hightstown. First, if the Department were to hold a new supervised election, the term of office for the winner would be for the remainder of a three-year term ending January 13, 2006. It is improbable that a supervised election for that position could be conducted by that date. Consequently, the Department contemplated requesting supervision of the Hightstown Chief Steward position in connection with the union's regularly scheduled election. The investigation has revealed that the union is in the process of conducting its regularly scheduled election, which will be held in December 2005. However, the investigation revealed that there is no need to seek to hold another supervised election for Chief Steward Hightstown. The loser, Anita Wertz, in the flawed supervised election for that position has signed a statement indicating that she no longer desires to run for that office. The Department has concluded from its investigation and analysis that the violations of Title IV of the LMRDA that occurred during the July 8, 2005, supervised

6

election could not have affected the outcome of the election or have been remedied. Accordingly, the election held pursuant thereto complied with the District Court's Order and the results of the supervised election are certified.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 1st day of November 2005, in the City of Washington, District of Columbia.

*Patricia Fox*

Patricia Fox
Acting Chief, Division of Enforcement
Office of Labor-Management Standards
Employment Standards Administration
United States Department of Labor

7